## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02610-WJM-NYW

MICHAEL GIBSON,

     Plaintiff,

v.

ARTURO LOPEZ, in his official and individual capacity,
ARAPAHOE COUNTY HUMAN SERVICES CHILD SUPPORT DIVISION, and
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,

     Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

     This case is before the court on Defendants Arturo Lopez ("Mr. Lopez" or "Defendant Lopez"), the Arapahoe County Department of Human Services Child Support Division ("ACDHS"), and the Arapahoe County Board of County Commissioners (the "Board") (collectively the "Defendants") Motion to Dismiss (or "Motion"), [Doc. 14, filed November 19, 2021]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated December 6, 2021, [Doc. 23], and the Memorandum dated the same day, [Doc. 25]. Upon review of the Motion, the entire court docket, and applicable law, this court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

### BACKGROUND

     The following facts are drawn from the Complaint and Jury Trial Demand ("Complaint"), [Doc. 1], and taken as true for the purposes of the instant Motion. This case arises out of a state court proceeding—specifically, "an ongoing domestic relations matter within the jurisdiction of Arapahoe County District Court" regarding a child support enforcement action against Plaintiff

Michael Gibson ("Mr. Gibson" or "Plaintiff").  *See* [*id.* at ¶ 27].  Mr. Gibson, proceeding *pro se*, asserts five claims in the Complaint.  His <u>First Claim</u> is for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983, alleging that Defendants unlawfully seized his assets in attempting to collect on child support arrears owed by Mr. Gibson.  *See* [*id.* at ¶¶ 69–82].  His <u>Second Claim</u>, also pursuant to 42 U.S.C. § 1983, is for violation of his due process rights under the Fourteenth Amendment related to allegations that Defendants failed to provide, or delayed providing, proper notice to Plaintiff before taking certain collection actions—specifically, suspending Plaintiff's driver's license, reporting information to a third-party credit bureau, or placing liens on Plaintiff's financial accounts.  [*Id.* at ¶¶ 83–94]; *see also* [*id.* at ¶¶ 42–55].  Mr. Gibson asserts his <u>Third, Fourth, and Fifth Claims</u> pursuant to Colorado law, for civil theft, outrageous conduct, and violations of the Colorado Organized Crime Control Act ("COCCA"), respectively.  [*Id.* at ¶¶ 95–118].  He asks the court to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  [*Id.* at ¶¶ 103, 111, 117].  All of Plaintiff's claims arise out of the pending state court domestic relations action.  *See generally* [*id.*].

Mr. Gibson initiated this action on September 27, 2021 by filing the Complaint.  *See* [Doc. 1].  On November 19, 2021, Defendants filed the instant Motion to Dismiss, seeking dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *See* [Doc. 14].  The same day, Defendants filed a Motion to Stay Discovery ("Motion to Stay"), seeking to stay discovery in this case pending the resolution of the instant Motion.  *See* [Doc. 15].  The court granted the Motion to Stay on December 13, 2021.  *See* [Doc. 30].  Mr. Gibson responded to the Motion to Dismiss on January 3, 2022, *see* [Doc. 31 ("Response")], and Defendants replied on January 25, 2022, *see* [Doc. 36 ("Reply")].  There are no deadlines currently pending, as the court has not yet conducted a Scheduling Conference.  *See* [Doc. 26; Doc. 30].  Thus, the Motion to

Dismiss is ripe for determination.

## LEGAL STANDARDS

### I.     Federal Rule of Civil Procedure 12(b)(1)

Federal courts are ones of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim.  Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Assn., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quoting *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017)).

Challenges to subject matter jurisdiction may take two different forms—a facial attack or a factual attack—which implicate different analytical frameworks.  First, in a facial challenge, the focus is on the sufficiency of the allegations in the complaint. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  In resolving a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.*  Second, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter depends." *Id.*  In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under

Rule 12(b)(1)." *Id.* (citation and quotations omitted). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing said jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

## II.    Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Defendants seek to dismiss Plaintiff's claims on three grounds. First, Defendants argue that this court lacks subject matter jurisdiction over Plaintiff's claims. [Doc. 14 at 4–10]. Second,

Defendants contend that Plaintiff fails to state a viable *Monell* claim against the ACDHS or the Board. [*Id.* at 10–11]. Third, Defendants argue that Plaintiff's claims are time-barred. [*Id.* at 12–14]. The court will address Defendants' arguments in turn.

## I.   Documents Considered

Before turning to the arguments, the court first considers the record before it—that is, the following exhibits submitted by Defendants: (1) a Certified Copy of the Registry of Actions in Plaintiff's domestic relations case, Arapahoe County District Court Case, 2014DR2322 ("Registry of Actions"), [Doc. 14-1]; (2) pleadings and orders from Plaintiff's state domestic relations case ("State Court Filings"), [Doc. 14-2]; and (3) a Notice of Claim dated November 14, 2019, which Plaintiff submitted to Arapahoe County ("Notice of Claim"), [Doc. 14-3].

Defendants proffer the Registry of Actions and State Court Filings in support of their factual challenge to this court's subject matter jurisdiction. *See* [Doc. 14 at 5]. Accordingly, the court finds it appropriate to consider these documents in addressing Defendants' jurisdictional challenges. *See Rodriguez-Aguirre*, 264 F.3d at 1203. In addition, Defendants proffer the Notice of Claim to support their argument that Plaintiff's claim is time-barred. *See* [Doc. 14 at 13]. Defendants contend that Plaintiff incorporates by reference the Notice of Claim in the Complaint, and therefore its inclusion as an exhibit is permitted because that document is central to Plaintiff's claims. *See* [*id.* at 13 n.7]. The court agrees. In support of his Third Claim, Mr. Gibson incorporates the Notice of Claim, alleging that "notice regarding this claim was properly given pursuant to CRS § 24-10-109(1) of the Colorado Governmental [Immunities] Act (CGIA) on November 14, 2019." [Doc. 1 at ¶ 104]. Accordingly, the court finds it appropriate to consider the Notice of Claim herein, as necessary, without converting the instant Motion to Dismiss to a

motion for summary judgment.[1]  Next, the court turns to Defendants' arguments, beginning with Defendants' challenges to the court's subject matter jurisdiction.

## II.    Subject Matter Jurisdiction

Defendants first challenge this court's subject matter jurisdiction, arguing that (1) Plaintiff's claims are barred by the *Younger* abstention doctrine; (2) the ACDHS is entitled to Eleventh Amendment Immunity; (3) Plaintiff's state tort law claims asserted against the ACDHS and the Board are barred by governmental immunity; and (4) Plaintiff fails to state viable state law tort claims against Defendant Lopez.  [Doc. 14 at 4–10].  As explained below, the court finds that the *Younger* abstention doctrine applies here and is dispositive of the Motion to Dismiss.

### A.    The *Younger* Abstention Doctrine

There is a "longstanding public policy against federal court interference with state court proceedings . . ." *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974);  *Younger v. Harris*, 401 U.S. 37, 43–45 (1971).  This policy is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997).  Thus, under the *Younger* abstention doctrine, the foregoing principles require that a federal court abstain from hearing a case when doing so would disturb an ongoing state proceeding. *See Younger*, 401 U.S. at 45.   *Younger* abstention is jurisdictional.  *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)

In *Sprint Communications, Inc. v. Jacobs*, the Supreme Court clarified that the *Younger* doctrine applies in only three "exceptional" classes of state court proceedings: (1) "ongoing state

---

[1] In addition, this court may take judicial notice of documents filed in state court.  *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008).

criminal prosecutions"; (2) "civil enforcement proceedings";[2] and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  571 U.S. 69, 78 (2013) (citations and quotations omitted); *see also Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.").  As noted by the Tenth Circuit, the Supreme Court has made clear that the doctrine applies not only to federal suits seeking injunctive relief, but also applies to federal suits seeking declaratory and monetary relief.  *See D.L.*, 392 F.3d at 1228.  This is because a successful party in a federal case could take their federal judgment to the state court and attempt to enjoin, interfere with, or use the judgment for its purported preclusive effect in the state proceedings.  *Id.*  "Accordingly, the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *Id.*

When analyzing the *Younger* abstention doctrine, the court may consider additional, non-dispositive factors including whether:

(1) there is an ongoing state criminal, civil, or administrative proceeding;

(2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and

(3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

---

[2] "Civil enforcement proceedings" are civil proceedings that are "akin to a criminal prosecution" in "important respects" and generally involve a state actor as a party and often involve an investigation.  *Sprint Commc'ns*, 571 U.S. at 79 (collecting cases and citing examples such as state-initiated (1) disciplinary proceedings against lawyer for violation of state ethics rules, (2) proceedings to enforce state civil rights laws, (3) proceedings to gain custody of children allegedly abused by their parents, and (4) proceedings to enforce obscenity laws).

*Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citing *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). The Supreme Court cautioned federal courts, however, to limit the *Younger* abstention doctrine to the three circumstances identified in *Sprint Communications*, and that other factors cited in many post-*Younger* cases like *Amanatullah* are "not dispositive" but are "instead, *additional* factors appropriately considered by the federal court before invoking *Younger*." 571 U.S. at 81–82 (emphasis in original).

### B.    Application of the *Younger* Abstention Doctrine

In the Motion, Defendants rely upon *Wideman v. Colorado*, 242 Fed. Appx. 611 (10th Cir. 2007), which stated that *Younger* abstention applies where the following three conditions exist:

> (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues.

*Id.* at 614 (quoting *Winnebago Tribe of Neb. v. Stovall,* 341 F.3d 1202, 1204 (10th Cir. 2003)); *see also* [Doc. 14 at 4]. Based on the foregoing, Defendants argue that all three conditions precedent for the application of the *Younger* abstention doctrine exist in this case. *See* [Doc. 14 at 5–6]. However, *Wideman* (and the cases upon which it relies) was decided before *Sprint Communications* where, notably, the Supreme Court explained that the three conditions referenced by Defendants above are "not dispositive" but are "instead, *additional* factors appropriately considered by the federal court before invoking *Younger*." 571 U.S. at 81–82 (emphasis in original) ("In short, to guide other federal courts, we today clarify and affirm that *Younger* extends to the three 'exceptional circumstances' identified in [*New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*")], but no further.").

In any case, as explained below, although Defendants do not expressly address the *Sprint Communications* factors in the Motion to Dismiss, the court nevertheless finds that the *Younger* abstention doctrine warrants the court's dismissal of this action without prejudice. The court will

first address whether Plaintiff's claims fall under any of the three classes of "exceptional" cases to which the *Younger* abstention doctrine applies, as explained in *Sprint Communications*. Then, the court will turn to considering the additional *Younger* factors cited by Defendants.

      ***Sprint Communications Factors.*** In his Response, Mr. Gibson argues that his case does not fall under any of the three classes of "exceptional" cases to which the *Younger* abstention doctrine applies, as set out in *Sprint Communications*. *See* [Doc. 31 at ¶¶ 4–6]. For the purposes of this Motion, the court will focus on the third exception—"civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns*, 571 U.S. at 78. Mr. Gibson contends that the third exception does not apply because "this court is <u>not</u> being asked to enjoin any orders by the state court" as he "is <u>not</u> challenging any state court orders involving divorce, child custody, or amount of child support payments determined by the court in the state court proceedings" as "these matters have already been adjudicated in state court." [*Id.* at ¶¶ 6–7 (emphasis in original)]. Plaintiff also argues that his "claims have not been raised in the state court proceedings and no order this court could issue, regarding these claims, would contradict any order issued by the state court involving the parties." [*Id.* at ¶ 9]. Respectfully, this court is not persuaded.

      The third *Younger* exception applies when "the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil*, 481 U.S. at 11; *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (where parties "had an opportunity to present their federal claims in the state proceedings," "[n]o more is required to invoke *Younger* abstention"); *Marie v. Moser*, 65 F. Supp. 3d 1175, 1198 (D. Kan. 2014) ("Both *Juidice* and *Pennzoil* involved processes the state courts used to decide cases and enforce judgments, *i.e.,* functions that are uniquely judicial functions.").

In the Complaint, Mr. Gibson expressly alleges that his "allegations and claims . . . are borne of an ongoing domestic relations matter within the jurisdiction of Arapahoe County District Court – specifically parental responsibilities." [Doc. 1 at ¶ 27]. Mr. Gibson further acknowledges in his Response that "there were, and will continue to be in the future, ongoing state court proceedings involving the same subject matter" at issue in this case. [Doc. 31 at ¶ 6]. In addition, with respect to the First and Second Claims (i.e., his federal law claims), Mr. Gibson seeks federal court interference based on his allegations that Defendants "deprive[d] Plaintiff of his due process rights" by "unlawful[ly] seiz[ing] . . . thousands of dollars from Plaintiff's bank accounts and retirement funds" and "by suspending his Driver's License without notification . . . and improperly report[ing] erroneous debt information to consumer reporting agencies, also without notification," in violation of Colorado law. [Doc. 1 at ¶¶ 3–4]. In support of his claims, Plaintiff also alleges that ACDHS "failed to properly train, hire or supervise its employee regarding the Child Support Enforcement Program or corresponding state and federal laws *regarding child support collection*, or in the alternative, it is a custom practice of [ACDHS] to violate state and federal law at will." [*Id.* at ¶¶ 79, 92 (emphasis added)]. Plaintiff further alleges that such failures caused him injury, including "a total loss of more than $27,000 . . . that have not been recovered." *See* [*id.* at ¶¶ 80–81, 93].

"It is undisputed that issues involving family relations pose questions of important state interest." *Williams v. Jewell*, 107 F.3d 881, at *2 (10th Cir. 1997) ("In this case, it is clear that the 'state . . . obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interest of the child and the family relationship.'" (citations omitted)). Here, although Mr. Gibson's First and Second claims refer to constitutional violations, those claims do not transcend or exist apart from the family law issue. Indeed, Mr. Gibson is challenging

the state's efforts to collect child support payments from him, including whether any of his funds were improperly seized. *See* [Doc. 1 at ¶¶ 69–94]. Accordingly, the court finds that Defendants' actions at issue in this case, which were "borne of [the] ongoing domestic relations matter within the jurisdiction of the Arapahoe County District Court", [*id.* at ¶ 27]—and which relate to the child support orders negotiated in and supervised by that court—fall within the category of "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *See Bautista v. Virginia Dept. of Soc. Services*, No. 15-cv-01202-GPG, 2015 WL 3660379, at *2–3 (D. Colo. June 12, 2015) (finding the plaintiff's claims challenging an administrative hearing decision as violative of his due process rights were subject to dismissal under *Younger*, explaining that "[a]lthough [p]laintiff has referred to a due process violation, his claim does not transcend or exist apart from the family law issue and, therefore, fall within the domestic relations exception [stated in *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992)]. His claim is no more than a disagreement with the [Virginia Department of Social Service's] decision regarding the child support that he owes."); *cf. Wyttenbach v. Parrish*, 496 Fed. Appx. 796, 797 (10th Cir. 2012) (affirming the district court's dismissal of a case that "fell within the long-entrenched . . . 'domestic relations exception' to the congressional statutes granting jurisdiction to the federal courts" because there was "no question that [the plaintiff] would like a federal court to evaluate [his former domestic partner's] obligations under child custody arrangements *negotiated in and supervised by a state court*, hold that [the former partner] failed to comply with her obligations, and tell her to refund the money he's paid under their agreement" (emphasis added)); *Fikrou v. Montgomery Cty. Office of Child Support Enf't Div.*, No. 215-cv-01297-GMN-NJK, 2015 WL 6539767, at *3 (D. Nev. Oct. 28, 2015) (finding claims against state child support enforcement agency defendants based upon allegation that child support orders were

entered upon "fraud on the court" inextricably intertwined with state court decisions regarding child support and the enforcement thereof); *Redford v. Conley,* No. 16-4106-WSD, 2017 WL 490425, *3 (N.D. Ga. Feb. 7, 2017) (concluding plaintiff had adequate means under Georgia law to challenge constitutionality of child support payments).

     ***Additional Younger Factors.***   The court also finds that the three additional factors referenced by Defendants warrant *Younger* abstention.   *See* [Doc. 14 at 4 (stating *Younger* abstention applies where  "(1) state judicial proceedings are ongoing; (2) [the state proceedings] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues"); *see also Sprint Commc'ns*, 571 U.S. at 81–81 (explaining that the three conditions referenced by Defendants are "not dispositive" but are "instead, *additional* factors appropriately considered by the federal court before invoking *Younger*" (emphasis in original)).

     First, there is no dispute that Mr. Gibson seeks relief from an ongoing state proceeding. *See* [Doc. 1 at ¶ 27] ("The allegations and claims contained herein are borne of an ongoing domestic relations matter within the jurisdiction of Arapahoe County District Court – specifically parental responsibilities.")]; [Doc. 31 at ¶ 6 ("Plaintiff's acknowledgement that "there were, and will continue to be in the future, ongoing state court proceedings involving the same subject matter" at issue in this case.)].   Second, as discussed above, the domestic-related proceedings at issue in this case implicate important state interests.   *Cf. Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.").

     Third, the court finds the Arapahoe County District Court provides an adequate forum to hear the federal claims that Mr. Gibson raises in this case—namely, Plaintiff's constitutional

challenges to the amount of child support he owes and whether any of his funds were improperly seized. *See* [Doc. 1 at ¶¶ 69–94]. Indeed, Mr. Gibson concedes in the Complaint that he has previously raised issues related to his support obligations in the state court proceedings. *See* [Doc. 1 at ¶¶ 30–31, 33–34, 36, 39]; *see also* [Doc. 14-2 (Plaintiff's State Court Filings)]. Moreover, that Plaintiff has not yet raised his federal claims in the state court proceedings, *see* [Doc. 31 at ¶ 9], does not persuade this court that the state court cannot afford Plaintiff an adequate remedy. *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) ("Where a federal plaintiff has not attempted to present his federal claims in related state court proceedings, 'a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)); *cf. Amanatullah*, 187 F.3d at 1164 ("It is sufficient for purposes of *Younger* abstention that federal challenges," including "civil rights complaints, may be raised in state court judicial review of administrative proceedings." (citation omitted)). And, as Defendants point out, "Plaintiff [ ] fails to provide any authority to overcome the well-established principle that domestic relations matters are matters of state importance." [Doc. 36 at 4–5]; *see also* [Doc. 31].[3] *Jewell*, 107 F.3d 881, at *2 ("[E]ven the most '[m]inimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights.'" (quoting *Middlesex Cty. Ethics Committee v. Garden State Bar Assn.*, 457 U.S. 423, 431 (1982)); *cf. Taylor v. Jaquez*, 126 F.3d

---

[3] Plaintiff also appears to argue that *Younger* abstention cannot apply *unless* Plaintiff is seeking to *challenge* the state court orders. *See* [Doc. 31 at ¶ 7 ("Defendants misstate Plaintiff's Complaint, and the facts contained within, to argue Plaintiff's claims for relief to be challenges to state court orders to invoke *Younger* – but this is not so.")]. However, Plaintiff cites no authority to support the argument that a *challenge* to a state court's order is the only circumstance under which *Younger* abstention applies. *See* [*id*]. In any case, as explained above, this court finds that this case falls under the third *Younger* exception for "civil proceedings *involving* certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." 571 U.S. 69, 78 (2013) (emphasis added).

1294, 1298 (10th Cir. 1997) ("[T]he state court is surely competent to decide whether the notice requirements of [Colorado's Torrens Title Registration Act] were satisfied as to those plaintiffs presently challenging the prior action.").

Given the above analysis, the court finds this case is one of those exceptional circumstances in which a federal court must abstain under *Younger*.[4]  Accordingly, this court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.[5]

---

[4] Because this court finds that Plaintiff's federal claims must be dismissed under *Younger*, this court no longer has any basis to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Thus, on the basis of the *Younger* abstention doctrine alone, this court declines to address Defendants' remaining arguments challenging the court's subject matter jurisdiction or Plaintiff's ability to state a claim pursuant to Rule 12(b)(6).

[5] Defendants also request "that they be awarded their attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201." [Doc. 14 at 14; Doc. 36 at 8].  That statute provides that

> [i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat § 13-17-201.  "The statute . . . applies when a federal court, exercising diversity jurisdiction, dismisses Colorado state tort claims under Rule 12(b) of the Federal Rules of Civil Procedure."  *Snyder v. Acord Corp.*, 811 Fed. Appx. 447, 462 (10th Cir. 2020) (citing *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000)).  The statute also applies to an action that is "primarily a tort action[.]"  *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517–18 (Colo. App. 2009).  However, the Colorado Supreme Court has held that Colo. Rev. Stat. § 13-17-201 conflicts with 42 U.S.C. § 1988—which permits a prevailing defendant in a § 1983 suit to recover attorney's fees only when the plaintiff's suit "was vexatious, frivolous, or was brought to harass or embarrass the defendant", *Snyder*, 811 Fed. Appx. at 463 (citations omitted)—and therefore is preempted in § 1983 actions.  *See id.*; (citing to *State v. Golden's Concrete Co.*, 962 P.2d 919, 926 (Colo. 1998)).

Here, apart from Defendants' cursory, identical requests for attorney's fees in their Motion and Reply, [Doc. 14 at 14; Doc. 36 at 8], Defendants offer no further support for their request, including failing to address whether they are entitled to a fee award for their defense of Plaintiff's three state law claims.  *See Haynes v. City of Gunnison*, 214 F. Supp. 2d 1119, 1122 (D. Colo. 2002) ("Federal law and policy also compels the conclusion that fees not be awarded under Colorado law for work performed defending the overlapping § 1983 claims.").  Accordingly, this court finds that Defendants have waived this issue by insufficiently briefing it in their Motion.  *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately

**CONCLUSION**

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1)      Defendants' Motion to Dismiss [Doc. 14] be **GRANTED**.[6]

DATED:  June 15, 2022                    BY THE COURT:

                                                     Nina Y. Wang
                                                     United States Magistrate Judge

---

briefed in the opening brief are waived." (alteration omitted) (internal quotation marks omitted));
*United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully
developed by any analysis or citation is deemed waived).

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and
file written objections to the Magistrate Judge's proposed findings and recommendations with the
Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed.
R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does
not put the District Court on notice of the basis for the objection will not preserve the objection
for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation
must be both timely and specific to preserve an issue for de novo review by the district court or
for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 E. 30th Street*,
73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review
by the District Judge of the Magistrate Judge's proposed findings and recommendations and will
result in a waiver of the right to appeal from a judgment of the district court based on the proposed
findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-
80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de
novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l
Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by
failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its
right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.
1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate
Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm
waiver rule does not apply when the interests of justice require review).